**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**JADE BARUCH GRANOVSKY**, individually and on behalf of all those similarly situated,

Plaintiff,

vs.

**FINESSE US INC.**

Defendant.

Case No.:

**CLASS ACTION COMPLAINT**

**JURY DEMAND**

## CLASS ACTION COMPLAINT

Plaintiff **JADE BARUCH GRANOVSKY** ("Plaintiff") brings this class action against **FINESSE US INC.** ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This putative class action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and the Federal Communications Commission regulations promulgated thereunder ("TCPA").

2. To promote its goods and services, Defendant transmitted unsolicited marketing text messages to Plaintiff and other consumers, including messages initiated before 8:00 a.m. or after 9:00 p.m. in violation of the TCPA.

3. Through this action, Plaintiff seeks statutory damages and injunctive relief under the TCPA, and actual damages, punitive damages, attorney's fees, and costs, arising from Defendant's

unlawful telemarketing practices, which intruded upon Plaintiff's and the Class members' privacy and quiet enjoyment of their telephones.

## PARTIES

4. Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of Miami-Dade, Florida.

5. Defendant, Finesse Us Inc., is a Delaware Corporation authorized to do business in Florida.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## JURISDICTION, AND VENUE

7. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA.

8. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District.

## STATUTORY BACKGROUND

### I. Telephone Consumer Protection Act (TCPA)

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

10. Section 227(c) of the TCPA requires the FCC to “initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers’ privacy rights to avoid receiving telephone solicitations to which they object.” 47 U.S.C. § 227(c)(1).

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers before 8 am and after 9 pm and similarly provides a private right of action against any entity that makes those telephone solicitations, or “on whose behalf” such telephone solicitations are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(1).

12. Pursuant to 47 C.F.R. § 64.1200(e), the restrictions in § 64.1200(c) apply to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

13. Any “person who has received more than one telephone call within any 12- month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may” bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers’ privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

14. Under the TCPA, a text message is a call. *Campbell-Ewald Co. v. Gomez, 136 S. Ct 663 (2016).*

15. Pursuant to Section 227(c)(5) of the TCPA, Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages for each and every negligent violation. 47 U.S.C. § 227(c)(5).

16. Pursuant to Section 227(c)(5) of the TCPA, Plaintiff and the Class members are entitled to an award of $1,500.00 in statutory damages for each and every knowing or willful violation. 47 U.S.C. § 227(c)(5).

**FACTS**

17. On November 3, 2023 at 9:01 PM, November 6, 2023 at 9:02 PM, November 10, 2023 at 9:01 PM, November 14, 2023 at 9:01 PM, November 17, 2023 at 9:01 PM, November 20, 2023 at 9:01 PM, November 24, 2023 at 12:12 AM, November 24, 2023 at 9:53 PM, November 25, 2023 at 10:46 PM, November 26, 2023 at 10:01 PM, November 28, 2023 at 10:02 PM, November 30, 2023 at 11:47 PM, December 1, 2023 at 10:00 PM, December 3, 2023 at 9:01 PM, December 5, 2023 at 9:16 PM, December 8, 2023 at 9:01 PM, December 11, 2023 at 9:01 PM, December 14, 2023 at 9:01 PM, December 18, 2023 at 9:01 PM, December 21, 2023 at 9:31 PM, January 2, 2024 at 9:01 PM, January 10, 2024 at 9:01 PM, January 15, 2024 at 11:01 PM, March 10, 2024 at 9:01 PM, April 1, 2024 at 9:16 PM, November 29, 2024 at 12:02 AM Defendant made telephone solicitations to Plaintiff's cellular telephone as depicted below:





3:57 5G 57
643 40471

OK Miss PhD!! Your math is mathing - get your Girl Math Outfits this Black Friday only at FINESSE. <3

https://finesse.attn.tv/l/XvC/g9oPF

Nov 25, 2023 at 10:46 PM

FINESSE BFF: She's got range or whateva! From Cozy Chic to Baddie HBIC, we gotchu on Black Friday with fits & PHAT discounts!https://finesse.attn.tv/l/qSe/g9oPF

Nov 26, 2023 at 10:01 PM

FINESSE BFF: Bb, hurry before our Black Friday Sale ends! Get up to 60% off AND an extra $600 off your cart - our treat <3 https://finesse.attn.tv/l/Mvl/g9oPF

Nov 27, 2023 at 2:21 PM

FINESSE BFF: Cyber Monday?? Say Less! We made our deals even crazier: up to 65% off products & $700 off your cart. NOW! https://finesse.attn.tv/l/pQz/g9oPF

Nov 27, 2023 at 7:39 PM

FINESSE BFF: Girl, work day's OVER!! It's time to shop ;) Make that money go the extra mile with our Cyber Monday Sale <3 https://finesse.attn.tv/l/kLP/g9oPF

Nov 28, 2023 at 10:02 PM

FINESSE BFF: Shhh... let your fits do the talking ;) from sparkling denim to rich tweed, our HUSH collection speaks volumes https://finesse.attn.tv/l/eaz/g9oPF

Nov 30, 2023 at 11:47 PM

3:57 5G 57
643 40471

FINESSE BFF: bb it's getting cold outside ;) Bring some warmth to those chilly days with our WINTER fits for the season, our iconic CYBER WEEK deals <3 https://finesse.attn.tv/l/hxg/g9oPF

Dec 1, 2023 at 10:00 PM

FINESSE BFF: sweet girls go to heaven <3 get the coquette fits of your dreams with this little collection - bbgirls only https://finesse.attn.tv/l/dRs/g9oPF

Dec 3, 2023 at 9:01 PM

FINESSE BFF: Cyber week is ending TODAY! Last chance to grab your dream fit up to 65% off & with up to $700 off your cart <3 https://finesse.attn.tv/l/GHX/g9oPF

Dec 5, 2023 at 9:16 PM

FINESSE BFF: Don't blame us when they are too stunned to speak ;) Leave everyone shook in our Daze collection, out now! https://finesse.attn.tv/l/CUY/g9oPF

Dec 8, 2023 at 9:01 PM

FINESSE BFF: Be the only gift they'll wanna unwrap in these red hot fits <3 shop our crimson collection, live now! https://finesse.attn.tv/l/co2/g9oPF

Dec 11, 2023 at 9:01 PM

FINESSE BFF: you hold the power - use it to your advantage ;) lure them in with our femme fatale collection, out now https://finesse.attn.tv/l/LbY/g9oPF

Dec 14, 2023 at 9:01 PM

FINESSE BFF: want to leave them green with envy this holiday season? shop our emerald collection & be the star of the show! https://finesse.attn.tv/l/yg1/g9oPF

Dec 18, 2023 at 9:01 PM

FINESSE BFF: cold as ice, but in these new fits you will make them melt ;) shop our winter wonderland collection ~ out now https://finesse.attn.tv/l/N2j/g9oPF

Dec 21, 2023 at 9:31 PM

FINESSE BFF: new year, same bad b*tch ;) be the one they're looking for at midnight in our nye collection. out now! <3 https://finesse.attn.tv/l/Lud/g9oPF

Dec 25, 2023 at 5:01 PM

FINESSE BFF: all we want for christmas is you ;) wishing you a happy holiday full of being spoiled <3

Dec 28, 2023 at 8:01 PM

FINESSE BFF: gifting you with new hot fits <3 give them even more to unwrap in our carol collection, out now ;) https://finesse.attn.tv/l/fUY/g9oPF

Jan 2, 2024 at 9:01 PM

FINESSE BFF: sparks will be flying when they see you in these new hot fits ;) shop our Ignite Collection, out now! https://finesse.attn.tv/l/Mni/g9oPF

Jan 10, 2024 at 9:01 PM

FINESSE BFF: take things up a notch this year. we got you covered with the hottest fits to match your new vibe <3 shop now: https://finesse.attn.tv/l/rCq/g9oPF

Jan 13, 2024 at 3:02 PM

FINESSE BFF: all lights on u in our Illuminate Collection ~ our newest fits are a touch of starlight made just for u <3 https://finesse.attn.tv/l/Izg/g9oPF

Jan 15, 2024 at 11:01 PM

Text Message · SMS




18. Defendant sent Plaintiff twenty-six (26) marketing text messages before the hour of 8:00 a.m. or after 9:00 p.m. local time at Plaintiff's location.

19. As demonstrated by the above screenshots, the purpose of Defendant's telephonic solicitations was to advertise, promote, and/or market Defendant's property, goods, and/or services.

20. Plaintiff is the regular user of the telephone number that received the above solicitations.

21. Plaintiff utilizes the cellular telephone number that received Defendant's telephone solicitations for personal purposes and the number is Plaintiff's residential telephone line and primary means of reaching Plaintiff at home.

22. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all telephone solicitations advertising/promoting its services and goods.

23. These reports show the dates, times, target telephone numbers, and content of each telephone solicitation made to Plaintiff and the Class members.

24. Plaintiff did not provide Defendant with prior express invitation or permission, whether written or otherwise, to send telemarketing or solicitation text messages to Plaintiff's cellular telephone number.

25. Plaintiff also did not provide Defendant with prior express invitation or permission to send telemarketing or solicitation text messages to Plaintiff before 8:00 a.m. or after 9:00 p.m. local time.

26. Defendant's unlawful conduct resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members.

**CLASS ALLEGATIONS**
**PROPOSED CLASS**

27. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons pursuant to Fed. R. Civ. P. 23. Plaintiff seeks to represent the following classes:

> **<u>TCPA After Hours Class:</u> All persons in the United States who from four years prior to the filing of this action through the date of class certification (1) Defendant, or anyone on Defendant's behalf, (2) placed more than one marketing text message within any 12-month period; (3) where such marketing text messages were initiated before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location).**

28. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

29. Defendant and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes Class Members' number in the several thousands, if not more.

## NUMEROSITY

30. Upon information and belief, Defendant has placed violative text messages to telephone numbers belonging to at least 50 persons. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

31. The exact number and identities of Class Members are unknown at this time and can be ascertained only through discovery. Identification of Class Members is a matter capable of ministerial determination from Defendant's records.

## COMMON QUESTIONS OF LAW AND FACT

32. There are numerous questions of law and fact common to the Classes that predominate over any questions affecting only individual members, including:

    a. whether Defendant initiated or caused to be initiated marketing text messages to Plaintiff and the Class members;
    b. whether those messages constituted telephone solicitations or telemarketing;
    c. whether such messages were initiated before 8:00 a.m. or after 9:00 p.m. local time for purposes of the TCPA;
    d. whether Defendant had prior express invitation or permission to send the messages at issue; and
    e. whether Defendant is liable for damages and other relief.

33. These common questions are capable of common answers because Plaintiff's claims arise from Defendant's uniform practice of transmitting marketing text messages to consumers at prohibited times.

## TYPICALITY

34. Plaintiff’s claims are typical of the claims of Class members, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF CLASS MEMBERS

35. Plaintiff is a representative who willfully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## SUPERIORITY

36. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

37. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain Class members are not parties to such actions.

**COUNT I**

**VIOLATIONS OF 47 U.S.C. § 227(c) AND 64.1200(c)(1)**

**(Quiet Hours Violation)**

**(On Behalf of Plaintiff and the Class)**

38. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

39. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c)(1), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a]ny residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)." 47 C.F.R. § 64.1200(c)(1).

40. Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers." 47 C.F.R. § 64.1200(c).

41. Any "person who has received more than one telephone call within any 12- month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

42. Defendant violated 47 C.F.R. § 64.1200(c)(1) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the Class members before the hour of 8 a.m. or after the hour of 9 p.m. (local time at the called party's location).

43. The subject text messages were telephone solicitations within the meaning of the TCPA because Plaintiff did not provide prior express invitation or permission for Defendant to transmit those telemarketing messages to Plaintiff's cellular telephone number.

44. Pursuant to Section 227(c)(5) of the TCPA, Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages for each and every negligent violation. 47 U.S.C. § 227(c)(5).

45. Pursuant to Section 227(c)(5) of the TCPA, Plaintiff and the Class members are entitled to an award of $1,500.00 in statutory damages for each and every knowing or willful violation. 47 U.S.C. § 227(c)(5).

WHEREFORE, Plaintiff, individually and on behalf of the TCPA After-Hours Class, demands judgment against Defendant for: (a) statutory damages of $500 for each negligent violation; (b) treble damages of up to $1,500 for each knowing or willful violation; (c) injunctive relief prohibiting Defendant from initiating telephone solicitations before 8:00 a.m. or after 9:00 p.m. local time at the called party's location; (d) costs; and (e) such other and further relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant, and award the following relief:

a) an order certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel;
b) statutory damages of $500 for each negligent violation of the TCPA;
c) treble damages of up to $1,500 for each knowing or willful violation of the TCPA;

d) injunctive relief prohibiting Defendant from engaging in conduct that violates the TCPA, including but not limited to initiating telephone solicitations before 8:00 a.m. or after 9:00 p.m. local time at the called party's location,

e) pre-judgment interest and post-judgment interest as permitted by law; and

f) such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff and members of the Class hereby demand a trial by jury.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the text messages as alleged herein.

Dated: October 29, 2026

Respectfully Submitted,

/s/ Joseph Varona, Esq.
Joseph Varona, Esq.
Attorney Bar No: 119812
E-mail: jvarona@advocatenational.com
Advocate National
2750 SW 145th Ave
Miramar, FL 33027
Phone: (954) 889-6558

COUNSEL FOR PLAINTIFF